IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 9, 2001 Session

## IDA DOUGLAS, ET AL. v. WILLIAM O. FOSTER, ET AL.

**Appeal from the Chancery Court for Robertson County**
**No. 15187     Carol Catalano, Chancellor**

---

**No. M2000-03177-COA-R3-CV - Filed January 22, 2002**

---

The appellants, Ida Douglas and Dovie Allen, and appellees, William and Barbara Foster, entered into a contract for the sale of a house. After the buyers had lived in the house for a few years, several problems emerged. The buyers sued the sellers for rescission of the contract. The trial court granted the sellers' motion for involuntary dismissal after the presentation of the buyers' proof at trial. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

John M. Cannon, Goodlettsville, Tennessee, for the appellants, Ida Douglas and Dovie Allen.

John B. Holt, Springfield, Tennessee, for the appellees, William O. Foster and Barbara Foster.

**OPINION**

**I.**

The appellants, Ida Douglas and Dovie Allen, are two widows who are mother and daughter. In September of 1997, they purchased a house from the appellees, William and Barbara Foster. The appellants paid $91,298.62 in cash and executed a $50,000 mortgage to the Fosters. At the time of trial, the mortgage had been paid in full.

Mr. Foster built the house himself and received a certificate of occupancy before he and Ms. Foster moved in. They lived in the house for thirteen months before selling it to the appellants. In the transaction, the only representations made to the appellants concerning the condition of the house were contained in the Tennessee Residential Property Disclosure statement. Ms. Douglas's son, a

carpenter, made a visual inspection of the home before his mother and grandmother purchased the house.

After moving into the house, the appellants had problems with the dishwasher and the doors. They called the appellees, and Mr. Foster came and made the necessary repairs. About six months after the appellants moved into the house, the floors began to creak, and the creaking became progressively worse. At some point, Ms. Douglas's son noticed that the floor had begun to dip on the sides. When the appellees were informed about the problems with the floors, they said they would try to make the repairs.

Late in 1999, Ms. Douglas's son commented on how bad the floors had gotten and suggested the appellants call the water company to see if there had been any water damage to the house prior to its purchase. Upon calling the water company, the appellants discovered that 39,600 gallons of water had gone through the meter in September of 1996. The normal monthly usage was about 3,000 gallons.

After speaking with the water department, the appellants had a home inspection done on January 31, 2000. The home inspector found several structural and non-structural problems with the house. The appellants then filed a complaint on February 15, 2000 asking for rescission of the original purchase contract and a refund of the money paid for the house. They did not sue for damages.

At the trial on October 12, 2000, the appellees moved for directed verdict and dismissal of the case after the appellants finished their proof in chief. Procedurally, in this non-jury case, this would be a motion for involuntary dismissal under Tenn. R. Civ. P. 41.02(2). The trial court granted the appellees' motion.

## II.

A contract may be rescinded for fraud, *Simmons v. Evans*, 206 S.W.2d 295 (Tenn. 1948), *A. Landreth Co. v. Schevenel*, 52 S.W. 148 (Tenn. 1899), or even for innocent misrepresentations that are material and induce one of the parties to enter into the agreement. *Cannon v. Chadwell*, 150 S.W.2d 710 (Tenn. Ct. App. 1940). Rescission, however, is not looked upon lightly and will be awarded only under the most demanding circumstances. *Early v. Street*, 241 S.W.2d 531 (Tenn. 1951). The decision to grant rescission rests in the sound discretion of the trial court, *Vakil v. Idnani*, 748 S.W.2d 196 (Tenn. Ct. App. 1987), and if an award of damages would be an adequate remedy, rescission will not be granted. *Chastain v. Billings*, 570 S.W.2d 866 (Tenn. Ct. App. 1978).

In this case the appellants based their fraud claim on the statements in the Property Disclosure Form and the realtor's advertisement. In the disclosure form the appellees indicated that they did not know of any "flooding, drainage, or grading problems." The facts showed that in September of 1996 while the Fosters were on vacation the refrigerator icemaker leaked and caused

some water damage to the house. The damage was repaired, however, and the Fosters' insurance company paid for the repairs and the subsequent clean-up.

Later Mr. Foster discovered that water collected in the crawl space under the house. He installed a drain to correct that problem. Therefore, we do not think the Fosters' answers to the questions on the disclosure form could be considered misrepresentations.

When the realtor advertised the house for the Fosters the advertisement described the house "as [a] beautiful brand new home." In fact the Fosters had lived in the house for thirteen months. However, one of the appellants testified that she knew that the Fosters were living in the house, and she had her son inspect the house before entering into the contract. We cannot see how the appellants could argue that they justifiably relied on a representation that the house was "brand new." *See Atkins v. Kirkpatrick*, 823 S.W.2d 547 (Tenn. Ct. App. 1991).

There were other problems with the house which might have been the subject of an action for damages, which we think would have been an adequate remedy had the appellants pursued it. But on the basis of the proof in this record we cannot fault the trial judge for refusing to rescind the contract.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court for Robertson County for any further proceedings necessary. Tax the costs on appeal to the appellants, Ida Douglas and Dovie Allen.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.